IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIE DEON McINTOSH, | ) | Case No. 05-81496 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

**MOTION FOR, AMONG OTHER THINGS,**
**RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAYS**

COMES NOW Nuvell Financial Services Corp. under power of attorney from Nuvell Credit Corp. (herein "Nuvell"), pursuant to 11 U.S.C. §§362(d) and 1301(c), and moves for relief from the automatic and co-debtor stays herein, or, in the alternative, applies to the Court for adequate protection of its interest in the below-described vehicle, as follows:

1. The Debtor commenced this case by petition filed on or about May 18, 2005.

2. On or about May 6, 2005, the Debtor and Willie Mae Wade (the "Co-Debtor") jointly purchased a 2005 GMC Envoy, VIN #1GKDS13S452241879 (herein the "Vehicle"), pursuant to the terms of an installment sales contract of even date (herein the "Contract"). A copy of the Contract is attached hereto marked Exhibit 1. The Contract was subsequently assigned to Nuvell Credit Corp. and Nuvell is now the attorney in fact to service and enforce same per the Limited Power of Attorney attached hereto marked Exhibit 2.

3. Under the terms of the Contract, Nuvell has a senior security interest and first lien on the Vehicle which it duly perfected. A copy of the Certificate of Title evidencing same is attached hereto marked Exhibit 3.

4. The Chapter 13 Plan calls for the payments due under the Contract to be made directly to Nuvell. The payments due under such Contract are in arrears for the August 5, 2005 through January 5, 2006 payments of $564.37 each, for a total arrearage of $3,386.22.

5. The current net payoff balance due under the Contract is $30,524.89, together with interest accruing thereon at 9.95% per annum. At the same time, the current NADA retail and wholesale values of the Vehicle are no more than $21,925.00 and $18,850.00, respectively. See Exhibit 4. Thus there is no equity in the aforesaid Vehicle, the value of Nuvell's claim secured by said Vehicle being in excess of the fair market value thereof.

5. The insurance coverage on the Vehicle was canceled due to non-payment on June 8, 2005, and the Vehicle was subsequently wrecked on August 20, 2005, with no insurance proceeds available to apply toward the balance due on the Contract.

6. Under these circumstances, Nuvell does not have adequate protection of its security interest in the Vehicle, and thus there is good cause to grant Nuvell relief from the automatic and co-debtor stays under 11 U.S.C. §§362(d) and 1301(c).

7. If Nuvell is not permitted to foreclose its security interest in the aforesaid Vehicle, it will suffer irreparable injury, loss and damages.

8. Due to the nature of the Vehicle as being easily moved, easily secreted and easily damaged, Nuvell also hereby requests that any order granting the relief requested herein be immediately effective.

WHEREFORE, Nuvell moves the Court for the following relief:

1. The Court enter an Order pursuant to 11 U.S.C. §§ 362(d) and 1301(c), and Rule 4001(a)(3) immediately lifting the automatic and co-debtor stays to permit Nuvell to foreclose its security interest in the Vehicle in accordance with its loan documents and applicable law, and to thereafter pursue the Co-Debtor for any amounts which may remain due under the Contract after sale of the Vehicle; and

2. The Debtor be ordered to immediately release the Vehicle to Nuvell or advise it of the location of the Vehicle and the name, address, and telephone number of any third party in possession of the Vehicle; and

3. Nuvell be allowed a general unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle; and

4. That in the alternative, Nuvell be afforded adequate protection of its security interest in the Vehicle, including proof of continuing insurance coverage on the Vehicle naming Nuvell as loss payee, and reimbursement of the $500 in reasonable attorneys' fees and costs incurred in connection with this Motion; and

6. That Nuvell have such other and further relief as to the Court seems just and proper.

This the 5th day of January, 2006.

                      KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

                      By: s/       Pamela P. Keenan
                      Pamela P. Keenan
                      N.C. State Bar No.20328
                      Attorneys for Nuvell Financial Services Corp.
                      Post Office Box 19766
                      Raleigh, North Carolina 27619
                      Telephone: (919) 848-0420
                      Facsimile (919) 848-4216

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Willie D. McIntosh
5408 Calumet Ct.
Aberdeen, NC  28315

Willie Mae Wade
5654 South Calumet
Chicago, IL  60637

John T. Orcutt
6616-203 Six Forks Rd.
Raleigh, NC  27615

Richard M. Hutson, II
PO Box 3613
Durham, NC  27702

This the 5th day of January, 2006.

s/_ _____Gwen T. Best_____
Gwen T. Best
Paralegal